UNITED STATES DISTRICT COURT  (Effective 10/9/18)
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:   24   Civ. 5131 ~~& 5133~~   (AKH)
ANTHONY BELLERE, et. al.                  :   24   Civ. 5133           (AKH)
:
            Plaintiff(s),                 :
:   **CIVIL CASE MANAGEMENT PLAN**
        -against-                         :
:
:
CITY OF NEW YORK, et. al.                 :
:
:
            Defendant(s).                 :
:
------------------------------------------------------------x

       After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

    A.    The case (is) (is not) to be tried to a jury. [Circle as appropriate].

    B.    Non-Expert Discovery:

        1.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by July 15, 2025, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

            a.    The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

        2.    Joinder of additional parties must be accomplished by June 1, 2025.

        3.    Amended pleadings may be filed without leave of the Court until June 1, 2025.

    C.    For all causes of action seeking monetary damages, each party shall identify and

quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

D. Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

1. Upon the conclusion of non-expert discovery, counsel for the parties shall meet for at least two hours at the office of plaintiff's counsel, to discuss settlement. The date for the meeting is July 18, 2025         , at 11:00     a.m. (Counsel shall insert a date but, at the option of either, the date may be canceled upon the service or filing of a dispositive motion and notice to the court.)

   a. There shall be no cross-motions.

2. Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the prospects of settlement, whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, appropriate motions and schedules therefor, and any other issue counsel or the Court wish to discuss. The Case Management Conference will be held on July 25, 2025         , at 10:00     a.m.

3. As to motions, there shall be no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs.

E. Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F. A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

G. Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, and otherwise conform to my Individual Rules 1(D) and 2(E).

SO ORDERED.

DATED: New York, New York
Nov. 15, 2024

ALVIN K. HELLERSTEIN
United States District Judge

## ATTACHMENT A

The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| 1. Serve Initial Disclosures | December 15, 2024 |
| 2. Serve Interrogatories and First Set of Document Requests | December 15, 2024 |
| 3. Complete Depositions (Fact and 30(b)(6)) | July 15, 2025 |
| 4. Serve any subsequent Document Requests and Requests for Admission | May 16, 2025 |
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |

**ATTACHMENT B**

For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:

1. **PLAINTIFF'S CLAIMS:**

    SEE ATTACHED

2. **COUNTERCLAIMS AND CROSS-CLAIMS:**

3. **THIRD-PARTY CLAIMS:**

## ATTACHMENT B(1) for *BELLERE ET. AL. v. CITY OF NEW YORK, ET. AL.*, 24 CV 5131 (AKH)

| Plaintiff | Compensatory Damages (jointly and severally liable; presently known, but due to the nature of the exposure are subject to future evaluation prior to trial) | Punitive Damages |
|---|---|---|
| Anthony Bellere | $35,000,000 | To be set by a jury |
| Arthur Brown | $25,000,000 | To be set by a jury |
| Adones Betances | $25,000,000 | To be set by a jury |
| Steven Chirse | $25,000,000 | To be set by a jury |
| Ricardo Cisneros | $25,000,000 | To be set by a jury |
| Latik Edwards | $25,000,000 | To be set by a jury |
| Floyd Harden | $35,000,000 | To be set by a jury |
| Wagner Montero | $50,000,000 | To be set by a jury |
| Emiliano Rodriguez | $30,000,000 | To be set by a jury |
| Kabary Salem | $25,000,000 | To be set by a jury |
| Christopher Sanders | $25,000,000 | To be set by a jury |
| Alexe St. Fleur | $35,000,000 | To be set by a jury |
| Darryl Williams | $25,000,000 | To be set by a jury |
| Michael Harris | $30,000,000 | To be set by a jury |
| David McCall | $30,000,000 | To be set by a jury |
| | | |
| Class A Members | $25,000,000 | |
| Class B Members | To be determined subject to discovery on the numbers of fires, type of fires, and exposures | |
| Remedial/Injunctive Class | Amount sufficient to fund future health care for victims, to be determined through discovery | |

Plaintiffs will seek service awards for all named Plaintiffs, Interest, Costs, and Reasonable Attorneys Fees

## ADDENDUM

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

**1. PLAINTIFF'S CLAIMS:**

### *Rodriguez v. City of NY, et al.:*

Actual and punitive damages against the individual Defendants in an amount to be determined at trial; Actual damages in an amount to be determined at trial against the City of New York; Policy change; Statutory attorney's fees, disbursements, and costs of the action pursuant to, inter alia, 42 U.S.C. § 1988, the NY Civ. § 28, the New York City Administrative Code, and New York State common law. Plaintiffs continue to require medical treatment and mental health therapy for injuries and specify the following damages:

Plaintiffs were confined in cells with no windows and their movement was unlawfully restricted in violation of laws and standards including, the New York State HALT Solitary Act and N.Y. Corr. Law. Plaintiffs all suffered mental and physical trauma from this unlawful confinement, before the alleged fire and continuing afterwards. Plaintiffs were repeatedly denied necessary medical treatment.

**Hector Rodriguez:** Loss of consciousness following sustained smoke inhalation; Head injury and pain from falling to the ground after losing consciousness; Burns, lacerations, and scarring to his skin on both his knees and legs; Burning and pain in his eyes, nose, throat, and chest; difficulty breathing, and the effects of carbon monoxide poisoning and/or smoke inhalation. Mr. Rodriguez believed he was going to die. Mr. Rodriguez claims compensatory damages (jointly and severally liable; presently known, but due to the nature of the exposure are subject to future evaluation prior to trial) $35,000,000.00 and punitive damages to be set by a jury.

**Elijah Shepp:** Loss of consciousness following sustained smoke inhalation; Injuries and pain from falling to the ground after losing consciousness; Pain, burning in his eyes, nose, throat and chest, difficulty breathing, and the effects of carbon monoxide poisoning and/or smoke inhalation. Mr. Shepp believed he was going to die. Mr. Shepp claims compensatory damages (jointly and severally liable; presently known, but due to the nature of the exposure are subject to future evaluation prior to trial) $35,000,000.00 and punitive damages to be set by a jury.

**Andre Fields:** Loss of consciousness following sustained smoke inhalation; Pain, burning in his yes, nose, throat and chest, difficulty breathing, and the effects of carbon monoxide poisoning and/or smoke inhalation; Mr. Fields believed he was going to die. Mr. Fields claims compensatory damages (jointly and severally liable; presently known, but due to the nature of the exposure are subject to future evaluation prior to trial) $35,000,000.00 and punitive damages to be set by a jury

**Roland Codrington:** Sustained smoke inhalation; Pain, burning in his eyes, nose, throat and chest, difficulty breathing, and the effects of carbon monoxide poisoning and/or smoke inhalation. Mr. Codrington believed he was going to die. Mr. Codrington claims compensatory damages (jointly and severally liable; presently known, but due to the nature of the exposure are subject to future evaluation prior to trial) $35,000,000.00 and punitive damages to be set by a jury

**Jonathan Guerrero:** Sustained smoke inhalation; Pain, burning in his eyes, nose, throat and chest, difficulty breathing, and the effects of carbon monoxide poisoning and/or smoke inhalation. Mr. Guerrero believed he was going to die. Mr. Guerrero claims compensatory damages (jointly and severally liable; presently known, but due to the nature of the exposure are subject to future evaluation prior to trial) $35,000,000.00 and punitive damages to be set by a jury