UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTHONY BELLERE, ARTHUR BROWN, ADONES
BETANCES, STEVEN CHIRSE, RICARDO CISNEROS,
LATIK EDWARDS, FLOYD HARDEN, WAGNER
MONTERO, EMILIANO RODRIGUEZ, KABARY,
SALEM, CHRISTOPHER SANDERS, ALEXE ST.
FLEUR, DARRYL WILLIAMS, MICHAEL HARRIS,
and DAVID MCCALL, individually, and on behalf of
similarly situated individuals,

                      Plaintiffs,

                v.

THE CITY OF NEW YORK, LOUIS A. MOLINA,
LYNELLE MAGINLEY-LIDDIE, RONALD
BRERETON, CHARLTON LEMON, CHRISTOPHER
CURRENTI, RONALD MILLER, STEVEN
RAMKISSOON, NATALIE TAWIAH, TERESA MACK,
TEHISA SKINNER, KRYSTAL FORDE, NIKEMA
HARRELL, JERMAIN PHILLIPS, DAIN DEALLIE,
SHANEL WHITFIELD, TANOYA COPELAND,
NATIAH MAYO, THE NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION, MITCHELL
KATZ, M.D., ERIC WEI, M.D., PATRICIA YANG,
BIPIN SUBEDI, M.D., NANCY ARIAS, R.N., CARLOS
CASTELLANOS, ZACHARY ROSNER, M.D.,
PHYSICIAN AFFILIATE GROUP OF NEW YORK,
P.C., EDWARD CHEW, M.D., RICHARD BECKER,
M.D., LISA CHOLEFF, M.D., JAYANTA RAY, M.D.,
JAMES PATRICK, P.A., GUY KELLY, P.A., PARVIZ
RAFAELMEHR, M.D., THOMAS SCHWANER, P.A,
TAHMINA SIKDER, M.D., ESPERANCE
NDAYISHIMIYE, P.A., IOSIF SHPITS, M.D.,
BERNARD CHUKWUNEKE, M.D., FRANKLIN DE
JESUS MEJIA, M.D., URGICARE MEDICAL
ASSOCIATES, P.C., FRANK FLORES, D.O., PETER
WACHTEL, D.O., ADAM LITROFF, D.O., and JOHN
OR JANE DOES 1-40,

                      Defendants.
------------------------------------------------------------------X

Case No.: 1:24-CV-05131

**ANSWER**

**TRIAL BY JURY DEMANDED**

Defendant URGICARE MEDICAL ASSOCIATES, P.C., by its attorneys, HEIDELL, PITTONI, MURPHY & BACH, LLP, upon information and belief, answers the complaint herein as follows:

## AS TO PRELIMINARY STATEMENT

1. Denies the allegations contained in the paragraphs of the complaint designated "1" through "20," as to answering defendant and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS TO JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

2. Denies the allegations contained in the paragraphs of the complaint designated "21" through "30," as to answering defendant and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS TO PARTIES

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the complaint designated "31" through "74," and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

4. Denies the allegations contained in the paragraph of the complaint designated "75" except admits defendant URGICARE MEDICAL ASSOCIATES, P.C. was and is a professional corporation established under the laws of the State of New York and through an affiliation agreement provides certain clinical staff at facilities operated by New York City Health and Hospitals Corporation and certain professional services were rendered to and for

plaintiffs in accordance with good and accepted medical practice at certain times not specifically set forth in the complaint and otherwise denies knowledge or information sufficient to form a belief as to the allegations within these paragraphs and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

5. Denies the allegations contained in the paragraph of the complaint designated "76" except admits at certain times not specifically set forth in the Complaint, FRANK FLORES, D.O. had a professional affiliation with answering defendant, and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

6. Denies the allegations contained in the paragraph of the complaint designated "77" except admits at certain times not specifically set forth in the Complaint, PETER WACHTEL, D.O. had a professional affiliation with answering defendant, and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

7. Denies the allegations contained in the paragraph of the complaint designated "78" except admits at certain times not specifically set forth in the Complaint, ADAM LITROFF, D.O. had a professional affiliation with answering defendant, and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS TO FACTUAL ALLEGATIONS

8. Denies the allegations contained in the paragraphs of the complaint designated "79" through "916," as to answering defendant, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS TO CLASS ALLEGATIONS

9. Denies the allegations contained in the paragraphs of the complaint designated "917" through "939," as to answering defendant, and otherwise denies knowledge or information

sufficient to form a belief as to the allegations contained in the paragraphs and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS AND TO THE FIRST CAUSE OF ACTION

10. Answering the paragraph of the complaint designated "940," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "939" with the same force and effect as if herein set forth at length.

11. Denies the allegations contained in the paragraphs of the complaint designated "941" through "963" as to answering defendant and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs, and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS AND TO THE SECOND CAUSE OF ACTION

12. Answering the paragraph of the complaint designated "964," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "963" with the same force and effect as if herein set forth at length.

13. Denies the allegations contained in the paragraphs of the complaint designated "965" through "988," as to answering defendant, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs, and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS AND TO THE THIRD CAUSE OF ACTION

14. Answering the paragraph of the complaint designated "989," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the

complaint designated "1" through "988" with the same force and effect as if herein set forth at length.

15. Denies the allegations contained in the paragraphs of the complaint designated "990" through "999," as to answering defendant, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs, and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS AND TO THE FOURTH CAUSE OF ACTION

16. Answering the paragraph of the complaint designated "1000," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "999" with the same force and effect as if herein set forth at length.

17. Denies the allegations contained in the paragraphs of the complaint designated "1001" through "1010," as to answering defendant, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs, and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS AND TO THE FIFTH CAUSE OF ACTION

18. Answering the paragraph of the complaint designated "1011," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "1010" with the same force and effect as if herein set forth at length.

19. Denies the allegations contained in the paragraphs of the complaint designated "1012" through "1024," as to answering defendant, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS AND TO THE SIXTH CAUSE OF ACTION

20. Answering the paragraph of the complaint designated "1025," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "1024" with the same force and effect as if herein set forth at length.

21. Denies the allegations contained in the paragraphs of the complaint designated "1026" through "1032," as to answering defendant, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs, and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## AS AND TO THE SEVENTH CAUSE OF ACTION

22. Answering the paragraph of the complaint designated "1033," defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "1032" with the same force and effect as if herein set forth at length.

23. Denies the allegations contained in the paragraphs of the complaint designated "1034" through "1048," as to answering defendant, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs, and begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## FOR A FIRST DEFENSE

24. That this action was not commenced against defendant until after the expiration of the time period specified in the applicable statute of limitations and any recovery based on the alleged causes of action herein is barred.

**FOR A SECOND DEFENSE**

25. That whatever damages may have been sustained at the time and place alleged in the complaint by plaintiff(s) were caused, in whole or in part, by the culpable conduct of plaintiff(s) and without any negligence on the part of defendant. Damages, if any, are to be diminished proportionally to the culpable conduct of the plaintiff(s).

**FOR A THIRD DEFENSE**

26. That the equitable share of liability, if any, of defendant PHYSICIAN AFFILIATE GROUP OF NEW YORK, P.C. shall be determined pursuant to the provisions of Article 16 of the CPLR.

**FOR A FOURTH DEFENSE**

27. That one or more of the causes of action in the complaint fail to state a cause of action upon which relief may be granted.

**FOR A FIFTH DEFENSE**

28. That plaintiffs have not met the conditions precedent to the commencement of this action as required by law.

**FOR A SIXTH DEFENSE**

29. That this defendant reserves the right to amend its answers and/or affirmative defenses that may be determined applicable in the future by discovery in this matter.

**FOR A SEVENTH DEFENSE**

30. To the extent plaintiffs releases or otherwise settles with any other person/entity relative to the alleged injuries/damages in this action, answering defendant will be entitled to have any claim for damages asserted against it reduced to the extent permitted by operation of New York General Obligations Law Section 15-108 or any other applicable law.

## FOR A EIGHTH DEFENSE

31. The amount of alleged damages claimed by plaintiffs should be reduced pursuant to CPLR § 4545 to the extent of any collateral source benefits, remuneration or compensation received.

## FOR A NINTH DEFENSE

32. That the Complaint does not set forth a basis for punitive damages.

## FOR A TENTH DEFENSE

33. No act or omission of the answering defendant was malicious, willful, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## FOR A ELEVENTH DEFENSE

34. That plaintiffs are not entitled to recover damages in this action under 42 U.S.C.§1983.

## FOR A TWELFTH DEFENSE

35. Plaintiffs may not properly assert a cause of action against the answering defendant for violation of 42 U.S.C.§1983.

## FOR A THIRTEENTH DEFENSE

36. That the occurrence alleged in plaintiffs' Complaint was caused, contributed to and brought about, in whole or in part, by the conduct of persons over whom this defendant exercised no supervision or control, including the plaintiffs, such conduct amounting to contributory negligence, and the damages and injuries otherwise recoverable by plaintiffs, if any, should be diminished in proportion to which such person(s)' conduct bears to the conduct which caused decedent's injuries and damages, if any, pursuant to the decisional and statutory laws of the State of New York and the United States in such cases made and provided.

## FOR A FOURTEENTH DEFENSE

37. That this defendant denies any and all allegations of plaintiffs' Complaint not specifically admitted herein.

WHEREFORE, defendant URGICARE MEDICAL ASSOCIATES, P.C. demands judgment dismissing the complaint herein, together with the costs and disbursements of this action.

Dated: White Plains, New York
November 21, 2024

Respectfully submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP

By: _____
ALEJANDRA R. GIL, ESQ. (AG 7582)
81 Main Street, Suite 112
White Plains, New York 10601
(914) 559-3100
agil@hpmb.com

Attorneys for Defendant
URGICARE MEDICAL ASSOCIATES, P.C.

TO: **VIA ECF**

LIAKAS LAW, P.C.
Attorneys for Plaintiffs
40 Wall Street, 50th Floor
New York, New York 10005
Tel: (212) 937-7765