UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY BELLERE; et al.,
individually, and on behalf of similarly
situated individuals,

      Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

      Defendants.

~~[Proposed]~~
**Stipulation and Protective Order**

24-cv-05131 (AKH)[1]

  The undersigned parties and each counsel of record stipulate and move the Court for entry of this Protective Order under Federal Rule of Civil Procedure 26(c) concerning the treatment of confidential and proprietary information produced in discovery in this action. Because the Court finds that good cause exists for issuance of a confidentiality order,

  **IT IS HEREBY ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, experts and consultants, witnesses, and all third parties providing discovery in this action—shall adhere to the following terms, upon penalty of contempt:

  1. This Order shall apply to information, documents, excerpts from documents, depositions, deposition exhibits, and other materials produced in this action pursuant to Federal Rules of Civil Procedure governing disclosure and discovery.

  2. Nothing in this Stipulation and Protective Order is intended to restrict, limit, supersede, modify or amend any federal, state or local law, ordinance or regulation limiting the disclosure of Designated Material, or the applicability of the attorney/client privilege or

---

[1] This action is consolidated for discovery with *Rodriguez v. The City of New York*, No. 24-cv-05133 (AKH).

1

work product doctrine, or of any other privilege or doctrine that would exempt Designated Material from disclosure.

3. This Stipulation and Protective Order shall be without prejudice to the right of any Party to oppose production of any document or information.

4. Any party may designate information, documents, and other materials in the manner permitted by this Order (such party is the "Designating Party") as either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL – ATTORNEYS' EYES ONLY." All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. This Order shall apply to Designated Material produced by any party or third-party in this action.

5. "CONFIDENTIAL" information means information, documents, or other materials that have not been made public and that the Designating Party reasonably and in good faith, after review by counsel for the Designating Party, believes contains or comprises (a) trade secrets, (b) proprietary business information, (c) financial information, (d) information implicating an individual's legitimate expectation of privacy including any sensitive non-public information, and (e) previously-disclosed information that is subject to a confidentiality obligation.

6. "CONFIDENTIAL-ATTORNEY'S EYES ONLY" means CONFIDENTIAL information that (a) the Designating Party reasonably and in good faith, after review by counsel for the Designating Party, believes is so highly sensitive that, for example, its disclosure could result in significant reputational harm, or competitive/commercial disadvantage to the Designating Party if disclosed to the opposing party, or (2) has been granted substantially similar protection in another judicial proceeding.

All individuals named in Paragraphs 9(b), 9(c) and 9(f) of this Order can view material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if such individuals have signed Exhibit A or a substantially similar agreement, except that no material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to the named parties or to directors, officers, and employees of parties to this action as per Paragraph 9(a), except that material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to the named parties' in-house counsel.

7.  "Protected Health Information" has the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, individually identifiable health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. Without modifying the foregoing, Protected Health Information may include, but is not limited to: (a) medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and may include notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from Protected Health Information, regardless of form or format and (b) information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member: (i) names; (ii) all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code; (iii) all elements of dates

(except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death; (iv) telephone numbers; (v) fax numbers; (vi) electronic mail addresses; (vii) social security numbers; (viii) medical record numbers; (ix) health plan beneficiary numbers; (x) account numbers; and (xi) certificate/license numbers.

8. Any document, transcript, or other material disclosed in this action by any person that contains Protected Health Information as defined in Paragraph 7 of this Protective Order must be designated as "Confidential."

9. Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

   a. *Parties:* Material designated "CONFIDENTIAL" may be disclosed to the named parties to this action or directors, officers, and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial, settlement, hearing or deposition. Before material designated "CONFIDENTIAL" is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A. If counsel intends to disclose material designated, by the opposing party, as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to named parties in this action or directors, officers, and employees of parties to this action for the purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, counsel for the parties shall meet and confer regarding the use of such

Designated Material and the potential de-designation of that material to "CONFIDENTIAL." If counsel intends to disclose material designated, by the opposing party, as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the in-house counsel to named parties in this action, it may do so without the need to meet and confer regarding that disclosure. Neither party may disclose "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to a party in this action, or that party's directors, officers, representatives, and employees, without consent of the parties or a Court order, except that any party may disclose "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to in-house counsel for the named parties.

b. *Witnesses or Prospective Witnesses:* Designated Material may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition. The witness or prospective witness may not retain Designated Material that they did not already possess outside of this litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A, unless the Designated Material was so designated solely because the Designated Material contains the witness's or prospective witness's own Protected Health Information.

c. *Experts:* Designated Material may be disclosed to any person retained by a party to serve as an expert witness or otherwise provide specialized advice or assistance to counsel in connection with this action. Before Designated

Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

d. *Counsel:* Designated Material may be disclosed to counsel of record and in-house counsel for parties to this action and their associates, paralegals, and regularly employed office staff.

e. *Court Personnel:* Designated Material may be disclosed to the Court, the Court's staff, any appellate court and its staff, and the jury in this case, as well as any Court reporters or other official personnel as reasonably required to perform their duties.

f. *Other Persons:* Designated Material may be provided as necessary to any other person, including, but not limited to, copying services, translators, and litigation support firms. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

g. Designated Material may be displayed to and discussed with the persons identified in Paragraphs 9(b), 9(c), and 9(f) only on the condition that, before any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in substantially the form attached hereto as Exhibit A. In the event any person who is required to sign Exhibit A refuses to sign an agreement in substantially the form attached as Exhibit A, Designated Material shall not be disclosed. If the party seeking to disclose Designated Material to any person who refuses to sign Exhibit A or a

substantially similar agreement believes that such disclosure is necessary for the successful prosecution or defense of this action, that party must seek relief from the Court.

10. A person having custody of Designated Material shall maintain it in a manner that is reasonably calculated to prevent access to the Designated Material by persons other than those permitted such access under this Order. Each person who has access to Designated Material shall take due precaution to prevent the unauthorized or inadvertent disclosure of such material.

11. The inadvertent production of Designated Materials without appropriate designation of confidentiality shall not be deemed a waiver of any claim of its status as Designated Material. Upon receiving reasonably prompt notice from the producing party that the produced Designated Material has not been appropriately designated, all such information shall be re-designated promptly as Designated Material and treated accordingly as of the date of that notice.

12. Counsel shall maintain a collection of all signed copies of Exhibit A or substantially similar agreements by which persons have agreed to be bound by this Order.

13. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way. Designation must be made in such a way that it does not obscure the text or other content of the material.

14. The parties will use reasonable care to avoid designating as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents, information, or other materials that do not need to be designated as such.

15. Designated Material shall only be used, shown, or disclosed as provided in this Order. However, nothing in this Order shall limit a producing party's use or disclosure of its documents, information, or other materials it produces. If a receiving party disagrees with the confidentiality designation of any document, information, or other materials, the objecting party will notify the Designating Party in a written letter within 60 business days of receipt of any such document, information, or other materials and identify the challenged material with specificity, including Bates number(s) where available, and the specific grounds for the objection to the designation. If the Designating Party does not agree to the redesignation within fifteen business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Party to show why the designation is proper. Before seeking relief from the Court, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter. Designated Material will continue to be treated as such pending determination by the Court as to the confidential status.

16. Deposition transcripts or portions thereof may be designated either (a) on the record when the testimony is recorded, or (b) by written notice to all counsel of record, given within thirty days after the Designating Party's receipt of the transcript. If the deposition transcript is designated by written notice, then all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion(s) thereof in their possession or control as directed by the Designating Party. Pending expiration of the

thirty days, the deposition transcript shall be treated as designated. If testimony is designated at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under Paragraph 9 of this Order.

17. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness has signed Exhibit A or a substantially similar agreement, and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material. If any party intends to use material marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the deposition of a named party to this action or directors, officers, representatives, and employees of parties to this action (excluding in-house counsel to any named party to this action) who are not permitted to review such material, the parties shall meet and confer before the use of such material in the deposition and counsel wishing to make the disclosure shall obtain the consent of opposing counsel to do so. If counsel intends to use material designated, by the opposing party, as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the deposition of a named party to this action or that party's directors, officers, representatives, and employees, excluding in-house counsel to any named party in this action, counsel for the parties shall meet and confer regarding the use of such Designated Material and the potential de-designation of that material to "CONFIDENTIAL." Neither party may disclose "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to a party in this action, or that party's directors, officers, representatives, and employees, without consent of the parties or a Court order, except that any party may disclose "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to in-house counsel for the named parties.

18. If any party disagrees with the designation of all or part of a deposition transcript pursuant to Paragraph 16 above, such party must notify the Designating Party and follow the procedures as outlined in Paragraph 15 above for challenging the confidential designation of other material.

19. If any party intends to file Designated Material so designated by any other party to this action, the filing party will provide the Designating Party with at least seven days written notice of the intent to file such information or make an application to file the Designated Material under seal in accordance with the Court's e-filing guidelines. If the Designating Party contends that Designated Material should be filed under seal, then the Designating Party shall raise the issue by letter with the Court at least three days before the date the filing party intends to file the relevant documents. In the event that (a) the filing party is unable to provide written notice to the Designating Party at least seven days before the filing party intends to file the Designated Material with the Court, or (b) the filing party must file the Designated Material before the Court has ruled on the Designating Party's motion as to whether the Designated Material should be filed under seal, the filing party must make an application to file the Designated Material under seal in accordance with the Court's e-filing guidelines but may, in the motion, advise the Court of any objection the filing party has to filing the Designated Material under seal. The filing party must contemporaneously notify the Designating Party of its application to file the Designated Material under seal, and the Designating Party shall have five days to submit additional materials, if any, in support of filing the Designated Material under seal.

20. Filing under seal pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. Further, the

inadvertent disclosure of Designated Material does not waive the designated status of the material.

21.  A receiving party wishing to disclose or discuss Designated Material at trial or in a court proceeding shall alert the Designating Party before such disclosure or discussion. The parties shall meet and confer to determine the best way to protect the Designated Material, including by requesting that the Court close the proceeding to the public. Unless required by the Court's rules, the party wishing to disclose or discuss Designated Material in a court proceeding or at trial need not identify that Designated Material to the opposing party during the meet and confer process provided that the parties can agree on accommodations to adequately protect the Designated Material absent such identification. If the parties cannot agree on how to adequately protect the unidentified material after meeting and conferring in good faith, the Designating Party may seek Court intervention. Designated Material will continue to be treated as such pending determination by the Court as to the confidential status. Inadvertent production of confidential material before its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

22.  If a receiving party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the receiving party must, as soon as practicable, but in any event and not longer than three business days after discovery of the disclosure, (a) notify in writing the Designating Party of the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of the Designated Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and make reasonable efforts to ensure

that those persons maintain the confidentiality of the material, including, if practicable, by having those persons sign Exhibit A or a substantially similar agreement.

23. Nothing in this Order shall require disclosure of documents, information, or other materials protected by the attorney-client privilege, attorney work product privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver.

24. If a Designating Party becomes aware that it has inadvertently produced documents, information, or other materials protected by the attorney-client privilege, attorney work product privilege, or other privilege or immunity ("Inadvertently Disclosed Information"), that party must promptly notify each receiving party in writing of the inadvertent production.

25. When a receiving party receives notice of such inadvertent production, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification that it has returned or destroyed all such copies, or shall, within that same five business day period, provide written notice to the Designating Party of the receiving party's intent to challenge the claim of privilege or immunity per the protocols of Paragraph 27.

26. Within fifteen business days of the notification that such Inadvertently Disclosed Information has been returned of destroyed, the Designating Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

27. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Designating Party bears

the burden of establishing the privileged nature of any Inadvertently Disclosed Information. Each receiving party shall refrain from distributing or otherwise using the Inadvertently Disclosed Information for any purpose during the pendency of any dispute until such dispute is resolved by agreement of the parties, after meeting and conferring in good faith, or by the Court.

28. Notwithstanding the foregoing, a receiving party may use the Inadvertently Disclosed Information to respond to a motion by the Designating Party seeking return or destruction of such information or materials, so long as the motion and related Inadvertently Disclosed Information is filed under seal or otherwise sealed pursuant to the rules of SDNY. If a receiving party becomes aware that it is in receipt of documents, information, or other materials which it knows or reasonably should know is privileged, counsel for the receiving party shall immediately take steps to (i) stop reading such documents, information, or materials, (ii) notify counsel for the producing Party of such documents, information, or materials, (iii) collect all copies of such documents, information, or materials, (iv) return such documents, information or other materials to the producing Party, or provide written notice to the producing party of the receiving party's intent to challenge the claim of privilege or immunity, and (v) comport themselves with the applicable provisions of the Rules of Professional Conduct.

29. Nothing in this Stipulation and Protective Order shall preclude a producing Party from using, for any purpose outside this litigation, documents it has produced, or deposition testimony it alone has designated (and no other party has designated), as "Designated Material."

30. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material, or for modification of this Order; or to seek any other relief from the Court.

31. This Order may not be waived, modified, abandoned, or terminated, in whole or part, except by an instrument in writing signed by the parties or by Court order. If any provision of this Order shall be held invalid for any reason whatsoever, the remaining provisions shall remain in effect.

32. This Order shall survive the termination of the litigation and will continue to be binding upon all persons to whom Designated Material is produced or disclosed. All documents or information that have been deemed confidential pursuant to this Order, including all copies and non-conforming copies thereof, shall remain confidential for all time.

33. Within forty-five days after entry of final judgment, all Designated Material and copies thereof shall be (a) returned to the producing party, or (b) securely destroyed and, upon written request of the Designating Party, certified as destroyed.

34. Notwithstanding anything to the contrary, the receiving party's attorney may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits, even if such materials contain Designated Material, so long as appropriate safeguards are imposed to identify such documents as Designated Material and to advise that such documents are subject to this Stipulation and Protective Order. Any such copies that contain or constitute Designated Material remain subject to this Stipulation and Protective Order.

35. This Court shall have and retain jurisdiction, including after termination of the litigation, over the parties, recipients of the Designated Material, and all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

36. This Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

37. This Stipulation may be executed in counterparts, which together shall constitute one agreement. A facsimile or scanned copy of this Stipulation shall have the same force and effect as the original.

[signatures on next page]

**SO STIPULATED AND AGREED:**

**LIAKAS LAW, P.C.**

By: _____
Adam Strychaluk
Cassandra Rohme
40 Wall Street, 50th Floor
New York, NY 10005
Tel. (212) 937-7765
jlax@liakaslaw.com
crohme@liakaslaw.com
*Attorneys for Plaintiffs*

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York

By: _____
Nicholas R. Tambone
Assistant Corporation Counsel
100 Church St.
New York, NY 10007
Tel. (212) 356-8767
ntambone@law.nyc.gov
*Attorneys for City Defendants*[2]

**HEIDELL, PITTONI, MURPHY & BACH, LLP**

By: _____
Alejandra R. Gil
81 Main Street
White Plains, NY 10601-1711
Tel. (914) 559-3100
agil@hpmb.com
*Attorneys for Medical Defendants*[3]

**SO ORDERED:**

Date: 4-24-25

_____
ALVIN K. HELLERSTEIN
United States District Judge

---

[2] "City Defendants" are The City of New York, Louis A. Molina, Lynelle Maginley-Liddie, Ronald Brereton, Charlton Lemon, Christopher Currenti, Ronald Miller, Steven Ramkissoon, Natalie Tawiah, Teresa Mack, Tehisa Skinner, Krystal Forde, Nikema Harrell, Jermain Phillips, Dain Deallie, Shanel Whitfield, Tanoya Copel, and Natiah Mayo.

[3] "Medical Defendants" are The New York City Health and Hospitals Corporation, Mitchell Katz, M.D., Eric Wei, M.D., Patricia Yang, Bipin Subedi, M.D., Nancy Arias, R.N., Carlos Castellanos, Zachary Rosner, M.D., Physician Affiliate Group Of New York, P.C., Edward Chew, M.D., Richard Becker, M.D., Lisa Choleff, M.D., Jayanta Ray, M.D., James Patrick, P.A., Guy Kelly, P.A., Parviz Rafaelmehr, M.D., Thomas Schwaner, P.A, Tahmina Sikder, M.D., Esperance Ndayishimiye, P.A., Bernard Chukwuneke, M.D., Iosif Shpits, M.D., Franklin De Jesus Mejia, M.D., Urgicare Medical Associates, P.C., Peter Wachtel, D.O. and Adam Litroff, D.O

16

## Exhibit A: Non-Disclosure Agreement

I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as "Confidential" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("Designated Material"). I agree that I will not disclose such Designated Material to any other person, and that at the conclusion of the litigation I will return all Designated Material to the Party or attorney from whom I received it. I further agree not to use such Designated Material for any purpose other than this litigation. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Signature

Date: